UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GAYE L. BROWN,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No.  2:24-cv-02781-DAD-SCR

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT, AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGEMENT

(Doc. Nos. 11, 13, 15)

Plaintiff Gaye L. Brown, proceeding with counsel, brought this action seeking judicial review of the Commissioner of Social Security's final decision denying plaintiff's application for benefits under the Social Security Act.  (Doc. No. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 3, 2025, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for summary judgement (Doc. No. 11) be denied, and the defendant Commissioner's cross-motion for summary judgement (Doc. No. 13) be granted.  (Doc. No. 15 at 16.)  Specifically, the magistrate judge concluded that the ALJ's finding at step 2 of the sequential evaluation that plaintiff did not suffer from a severe mental impairment could not be grounds for granting relief on its own, that the ALJ did not err in

1

omitting plaintiff's mild limitations pertaining to concentration, persistence, and maintaining pace from the residual functioning capacity ("RFC") assessment, and that substantial evidence supported the ALJ's rejection of three of the expert opinions. (*Id.* at 9, 14, 16.) Accordingly, the magistrate judge recommended that the ALJ's decision be upheld. (*Id.* at 16.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 17.) Plaintiff filed her objections on December 17, 2025. (Doc. No. 17.)

In her objections, plaintiff again argues that the ALJ did not properly consider plaintiff's mild limitations in conducting the RFC analysis. (*Id.* at 1–3.) Plaintiff also argues that the ALJ's rejection of the expert opinions was improper because the ALJ omitted "the supportability" analysis and the ALJ's "consistency" analysis was not supported by substantial evidence. (*Id.* at 3–4.)

With regard to plaintiff's first objection concerning the ALJ's consideration of plaintiff's limitations in connection with the RFC analysis, plaintiff argues that the court should apply the analysis reflected in *Mercado v. O'Malley*, 2:22-cv-02155-AC, 2024 WL 967619, at *5 (E.D. Cal. Mar. 6, 2024), rather than that in *Woods v. Kijakazi*, 32 F.4th 785, 794 (9th Cir. 2022). (*Id.* at 1–3.) However, the analysis conducted in *Mercado* is not inconsistent with the analysis in *Woods*, or the analysis engaged in by the magistrate judge in this case. As the court in *Mercado* explained:

> The Court in *Woods* found that the ALJ's rejection of this medical opinion was proper. After properly rejecting the medical opinion relating to plaintiff's mental limitations, the *Woods* ALJ determined that there were no mental limitations left to include in the RFC. . . . The ALJ does not necessarily need to incorporate non-severe limitations into the RFC, but the ALJ must *consider* those limitations in the analysis underlying the formulation of the RFC.
>
> Here, the ALJ did not consider the non-severe limitations in formulating the RFC. Doing so may or may not have resulted in a more restrictive RFC, but the ALJ was required to do the analysis.

*Mercado*, 2024 WL 967619, at *5 (emphasis in original). Here, the magistrate judge correctly determined that the ALJ "made an express finding that Plaintiff's depression and anxiety do not cause functional limitations and cited the treatment evidence and Plaintiff's testimony for

support." (Doc. No. 15 at 13.)  The ALJ's express finding reflects that the ALJ did consider plaintiff's limitations (or lack thereof) as required and determined that they need not be included in the RFC.  The analysis in *Mercado* does not compel a different result.  Therefore, the court rejects plaintiff's argument in this regard.

Plaintiff next argues that the ALJ's rejection of the opinions of Dr. Bowerman, Dr. Abrahimi, and Dr. Ying was inappropriate because the ALJ's determination regarding the consistency factor was unsupported by substantial evidence and the ALJ did not articulate his consideration of the supportability factor.  (Doc. No. 17 at 3–4.)

When an ALJ evaluates the persuasiveness of a medical opinion, he or she must consider the following factors:  supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict the medical opinion.  20 C.F.R. § 404.1520c(c)(1)–(5).  "Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered."  *Thompson v. Kijakazi*, No. 2:22-cv-00687-AC, 2023 WL 6130110, at *4 (E.D. Cal. Sept. 19, 2023) (citing 20 C.F.R. § 404.1520c(b)(2)).  The supportability factor pertains to "the extent to which a medical source supports the medical opinion by explaining the relevant objective medical evidence."  *Woods*, 32 F.4th at 791–92 (internal quotation marks and ellipses omitted).  The consistency factor pertains to "the extent to which a medical opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim." *Id.* at 792 (internal quotation marks and ellipses omitted).

Regarding the consistency factor, as the magistrate judge noted, the ALJ considered Dr. Bowerman's medical opinion and rejected it as inconsistent with the "treatment evidence, plaintiff's evidence, and the 'paragraph B' criteria."  (Doc. No. 15 at 14–15.)  The ALJ also considered the medical opinions of Dr. Abrahimi and Dr. Ying, who were non-examining psychologists and whose findings were dependent on Dr. Bowerman's examination, and determined that their opinions were likewise inconsistent.  (Doc. No. 8-1 at 41.)  The court agrees with the magistrate judge that these determinations by the ALJ are well supported by the record as noted in the findings and recommendations.  (*Id.* at 15–16.)

3

As to the supportability factor, plaintiff correctly points out that the ALJ did not articulate an analysis of that factor when considering the persuasiveness of the relevant medical opinions. (Doc. No. 8-1 at 36, 41.)  However, where, as here, the ALJ's decision to reject the opinions is supported by substantial evidence, any error in failing to specifically address supportability is harmless. *Palmer v. O'Malley*, No. 22-16448, 2024 WL 1904347, at *1 (9th Cir. May 1, 2024) ("Although the ALJ did not specifically articulate her analysis of the supportability and consistency factors, the ALJ's conclusion . . . is supported by substantial evidence.  Accordingly, to the extent the ALJ erred by failing to clearly articulate how she considered the supportability factor, any such error was harmless."); *Darling v. Kijakazi*, No. 22-35594, 2023 WL 4103935, at *2 (9th Cir. June 21, 2023) (". . . where it is clear that the ALJ considered the opinions and made separate findings supported by substantial evidence which obviated the need for a full discussion of the medical opinions of these four practitioners, any lack of specificity in the ALJ's decision is harmless.").[1]  Accordingly, the court rejects the final argument advanced by plaintiff.  *See Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) ("The Court may not reverse an ALJ's decision on account of a harmless error.").

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including plaintiff's objections, the court adopts the pending findings and recommendations.

For the reasons explained above,

1.     The court ADOPTS the findings and recommendations issued on December 3, 2025 (Doc. No. 15);

2.     Plaintiff's motion for summary judgment (Doc. No. 11) is DENIED;

3.     Defendant's cross-motion for summary judgment (Doc. No. 13) is GRANTED;

4.     The defendant Commissioner's decision denying plaintiff's application for benefits is AFFIRMED; and

/////

---

[1]  Citation  to unpublished Ninth Circuit opinions is appropriate pursuant to Ninth Circuit Rule 36-3(b).

4

5.     The Clerk of the Court is directed to ENTER judgment in favor of defendant and close this case.

IT IS SO ORDERED.

Dated:     **March 5, 2026**

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES DISTRICT JUDGE